WILSON & SON (INC.) *v.* UNITED STATES (No. 2677)[2]

1. WOVEN-FIGURED.
Whether or not cotton cloth is "woven-figured" (par. 903, Tariff Act of 1922) is judged by its appearance to the eye, and it makes no difference that the figure, though made by weaving at the time the cloth was woven, was superimposed upon the foundation weave and is no part of it. Stripes and

---

[1] T. D. 41709.          [2] T. D. 41717.

checks made in the weaving, whether by adding or omitting threads, are "woven-figured." Cloth with dots superimposed on it during its weaving, by a swivel attachment, is "woven-figured." Ratine, of the towel or wash-cloth variety, not presenting a figured appearance, but, by reason of rows of small holes extending across and lengthwise of the fabric, seeming to be very loosely woven, is not "woven-figured."

2. DOUBLE TAXATION OF COTTON CLOTH.

Paragraph 903, Tariff Act of 1922, taxes cotton cloth at a higher rate if "woven-figured." Paragraph 906 levies additional duty "on all cotton cloths woven with eight or more harnesses, or with Jacquard, lappet, or swivel attachments, 10 per centum ad valorem; on all cotton cloths, other than the foregoing, woven with drop boxes, 5 per centum ad valorem." Cloths which answer to both descriptions take the higher rate and also the additional duty.

## United States Court of Customs Appeals, May 22, 1926

APPEAL from Board of United States General Appraisers, G. A. 9054, T. D. 41161

[Modified.]

*Walden & Webster (Walter F. Welch* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter* and *Reuben Wilson,* special attorneys, of counsel), for the United States.

[Oral argument March 19, 1926, by Mr. Welch and Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The merchandise involved in this case consisted of several different kinds of cotton cloths, all of which were bleached and which were, by the collector, returned for duty as *woven-figured* under the last bracket of paragraph 903 of the Tariff Act of 1922. Some of the merchandise was also assessed with additional duty of 10 per centum, under paragraph 906, as having been woven with eight or more harnesses, Jacquard, lappet, or swivel attachments, and other of the merchandise was assessed with additional duty of 5 per centum, under same paragraph, as having been woven with drop boxes, under the provisions of paragraph 906.

At the trial before the Board of General Appraisers the importer put in evidence as collective Exhibit I samples of the merchandise, each marked with a number corresponding to the particular item on the invoices which it was supposed to represent. The action of the board in passing upon the various exhibits is not complained of, except as to certain merchandise which was, we think, properly divided by the board into three classes: (1) Items 4777, 4779, and 4781, which consisted of dotted cotton crêpe, the foundation fabric of which is plain woven with the dots inserted by the swivel attachment in the process of weaving; (2) items 4793, 4795, and 4797, consisting of cotton crêpe; and items 6435, 6439, 6441, and 6458, consisting of ratine, all (except the last) having a striped or checkered

effect produced by the elimination of certain warp and weft threads in the weave; (3) item 4789, consisting of cotton crêpe having raised lines running parallel with the length of the fabric, which gives it the appearance of being striped, and which effect is produced by heavy corded warp threads placed on an extra beam in weaving.

The protests as to items (4), consisting of three kinds of plain woven cotton crêpe, were sustained by the board, and therefore are not before this court.

The pertinent portions of the cotton schedule in deleted form follow:

PAR. 903. Cotton cloth, not bleached, printed, dyed, colored, or woven-figured, containing yarns the average number of which does not exceed number 40, forty one-hundredths of 1 cent per average number per pound; * * *

Cotton cloth, bleached, containing yarns the average number of which does not exceed number 40, forty-five one-hundredths of 1 cent per average number per pound; * * *

Cotton cloth, printed, dyed, colored, or woven-figured, containing yarns the average number of which does not exceed number 40, fifty-five one-hundredths of 1 cent per average number per pound; * * *

PAR. 904. The term cotton cloth, or cloth, wherever used in this schedule unless otherwise specially provided for, shall be held to include all woven fabrics of cotton, in the piece, whether figured, fancy, or plain, and shall not include any article, finished or unfinished, made from cotton cloth. In the ascertainment of the condition of the cloth or yarn upon which the duties imposed upon cotton cloth are made to depend, the entire fabric and all parts thereof shall be included. The average number of the yarn in cotton cloth herein provided for shall be obtained by taking the length of the thread or yarn to be equal to the distance covered by it in the cloth in the condition as imported, except that all clipped threads shall be measured as if continuous; in counting the threads all ply yarns shall be separated into singles and the count taken of the total singles; the weight shall be taken after any excessive sizing is removed by boiling or other suitable process.

PAR. 906. In addition to the duty or duties imposed upon cotton cloth in paragraph 903, there shall be paid the following duties, namely: On all cotton cloths woven with eight or more harnesses, or with Jacquard, lappet, or swivel attachments, 10 per centum ad valorem; on all cotton cloths, other than the foregoing, woven with drop boxes, 5 per centum ad valorem. In no case shall the duty or duties imposed upon cotton cloth in paragraphs 903, or 903 and 906 exceed 45 per centum ad valorem.

*Class I.*—In these three items of the exhibit (dotted cotton crêpe) the collector assessed duty under the third bracket of paragraph 903, *supra*, at the appropriate rate, as cotton cloth *woven-figured*, and in addition thereto levied additional duty under the provisions of paragraph 906, since the dot or Swiss effect had been woven with a swivel attachment.

It is the contention of the importer that the cloth is not *woven-figured* and that it should have been assessed as cotton cloth bleached, under the second bracket of paragraph 903 with the additional duty provided for in paragraph 906. It is pointed out that, if the goods are made to take the higher rate as *woven-figured* by virtue of the

dot effect, and at the same time assessed with the additional duty by virtue of the dot being made with a swivel, it amounts to double taxation for the same process or the same characteristic. It is admitted that the Swiss dots, which on the different items vary from one-fifth to one-half of an inch in width, are superimposed upon the plain crêpe and that their removal in no sense affects the integrity of the cloth, and that, while the dots are woven by the swivel attachment at the time the cloth is woven, the threads constituting the dots are no part of the warp and weft of the fabric.

In our opinion the items in Class I (dotted cotton crêpe), fall within the third bracket of paragraph 903 as cotton cloth woven-figured. Under the rule laid down in numerous decisions discussed more fully herein following, that whether a cloth is figured or not is judged by its appearance to the eye, we think that there can be no serious contention that it is not figured. It is argued that if it is conceded that it *is* figured, it is not *woven-figured,* in so far as the threads constituting the figures are, in a sense, superimposed upon the fabric and are not a part of the foundation weave. However, it seems sufficient to inquire, how is the figure produced? Admittedly the figure is made by weaving at the same time the cloth is woven. Paragraph 906 provides for an additional 10 per centum duty "on all cotton cloths *woven* with  *  *  *  swivel attachments." This figure is woven by a swivel attachment. It follows that the cloth is woven-figured and, therefore, is subject to the duty provided for in the third bracket of paragraph 903.

Paragraph 906 provides for a duty of 10 per centum ad valorem, to be levied on all cotton cloths woven with swivel attachments, "in addition to the duty or duties imposed upon cotton cloth in paragraph 903."

While it must be conceded that the assessment of the cloth under consideration, under the third bracket of paragraph 903, as woven-figured cloth and at the same time subjecting it to the duty provided for in paragraph 906, in effect, amounts to double taxation for the same process, it seems to us that the mandate of paragraph 906 is definite and unavoidable, since it provides in no uncertain or ambiguous terms for the levying of a 10 per centum ad valorem duty "in addition to the duty or duties imposed  *  *  *  in paragraph 903." See *Stroheim & Romann* v. *United States,* 13 Ct. Cust. Appls. 489, T. D. 41370. Notwithstanding the fact that this construction brings about the anomalous position of putting plain cloth with a superimposed dot in the same class with woven-figured cloth, the figure of which is woven in the warp and weft, upon which the dot effect has been superimposed, we see no way to avoid this result since the plain wording of the paragraphs permits no other justifiable interpretation. A diligent search of committee hearings and reports,

as well as the tariff information, furnished to Congress by the Tariff Commission, reveals no further light upon the intention of Congress than the context of the schedule itself affords.

*Class II.*—These seven items, consisting, in three instances, of crêpe, and in four instances, of ratine, all (except 6458) have a striped or checkered effect, which is produced by the elimination of certain warp and weft threads in the weave. It is impossible for us to tell from this record whether the striped effect in these items was produced by being woven in accordance with paragraph 906 or not. If they were so woven, in view of our conclusions heretofore reached, they would be assessable for duty under said paragraph 906.

Agreeable to the decision of the board we think the case of *Naday & Fleischer*, G. A. 8405, T. D. 38606, 30 Treas. Dec. 43; properly decides the issue here as to whether the items are or are not woven-figured. In *Naday & Fleischer, supra,* the board followed this court in *United States v. Douglas & Berry,* 6 Ct. Cust. Appls. 100, which held that "the effect produced not the means of producing the effect must be the guide and criterion to determine whether or not the fabric is a plain-woven fabric," and that the determination of the question as to whether a fabric is plain woven or figured depends upon the effect or appearance the weave produces. In *Naday & Fleischer, supra,* the board said:

> Without here deciding that the lines or stripes in the cloth produced by the omission of certain warp and weft threads in the weaving are figures in themselves, it is only too obvious that the checks formed by these open horizontal and vertical spaces are figures within the definition of the term as set forth in said G. A. 8089. It is true in the present case a dobby loom was used, while the cloth in G. A. 8089 was woven on a plain loom; but in both instances the figures have been produced by certain mechanical manipulations in the weaving process, and, as said by the board in G. A. 7222 (T. D. 31588), "the effect produced and not the means of producing the effect must be the guide and criterion to determine whether or not a fabric is a plain woven fabric."

Six of the items under this class (4793, 4895, 4797, 6435, 6439, 6441), to the eye present the appearance of being figured, and, as was said by the board in *Naday & Fleischer, supra,* "without deciding that the lines or stripes in the cloth produced by the omission of certain warp and weft threads in the weaving are figures in themselves, it is only too obvious that the checks formed by these open horizontal and vertical spaces are figures."

Funk & Wagnalls New Standard Dictionary defines figure as follows:

> Figure. 3. A combination of lines, points, surfaces, or solids representing an object or illustrating a condition or relation, or simply for decoration; a diagram, drawing, or pattern; as, a geometrical figure; a rectangular figure.

Under this definition we think the six items last above referred to are *woven-figured.* The testimony shows that the stripes are produced in the process of weaving by the omissions of threads both

in the warp and weft. Whether it is done by drop boxes is not disclosed, but it is clear that the figures thus produced result from dropping or omitting threads.

Agreeable to our conclusion reached in Class I, if the operation of dropping the threads, thereby causing the checkered effect, falls within the kind of weaving specified in paragraph 906, these six items should have been assessed at the appropriate rate under paragraph 906 and under the third bracket of paragraph 903, as cotton cloth woven-figured. While the checkered fabrics in this class and the dotted Swiss fabrics in Class I differ in their essential characteristics, the principle of law applicable to their dutiability is the same.

Item 6458, in this class, consists of ratine, evidently of the towel or wash-cloth variety. It presents no appearance to the eye of being figured. True enough, by some process, it has been given the appearance of a very loose weave, there being rows of holes about one-sixteenth of an inch square extending somewhat irregularly across and lengthwise of the fabric. Even if an open space in a fabric could be held to be a figure, these irregular small openings, producing only the appearance of a loose weave, could not be regarded as figures, nor is there any figure defined in the fabric outside of and by virtue of the openings. We conclude, therefore, that this item is not *woven-figured* and should be classified under the second bracket of paragraph 903, as cotton cloth bleached. If the same has been woven so as to fall within paragraph 906, the appropriate duty thereunder should be levied.

*Class III* consists of an item numbered 4789, which is cotton crêpe, having raised lines running parallel with the length of the fabric, which give it the appearance of being striped and which effect is produced by the use of heavy corded warp threads placed on an extra beam in weaving. Concerning this class the board in its decision said:

As to the cotton crêpe referred to as class 3, with a striped or corded effect produced by a special process of weaving and by the use of a series of certain heavy warp threads at regular intervals, we think our recent decision in Mills & Gibb Corp. *v.* United States, G. A. 9039 (T. D. 41127), is here controlling. It was therein held that a stripe constitutes a figure, and that it is the appearance and condition of the cloth itself that governs its classification and not the manner of its manufacture. Following In re Steven, G. A. 8089 (33 Treas. Dec. 163), United States *v.* Douglas & Berry (6 Ct. Cust. Appls. 100; T. D. 35342), and United States *v.* White & Co. (3 Id. 382; T. D. 32968).

With this conclusion we agree. At intervals of about every 2 inches in the fabric 8 large irregular threads about three-sixteenths of an inch apart, run lengthwise of the cloth, giving the cloth the appearance of being figured. While Congress must have intended for this cloth to be dutiable under paragraph 903, it surely did not intend that it should be assessed for duty at the same rate as plain cloth.

Agreeable to the board's decision it should be held dutiable under the third bracket of paragraph 903, as cotton cloth *woven-figured*. As far as we can determine from the record, there is no claim that this merchandise is subject to the provisions of paragraph 906. If it were subject to the provisions of paragraph 906, it should, nevertheless, be assessed for initial duty under the third bracket of paragraph 903 for the reasons hereinbefore set out.

The judgment of the board (now the United States Customs Court) is *modified* as indicated herein.

### CONCURRING OPINION

BARBER, Judge: In concurring herein, I expressly exclude any assent to the view expressed in the quoted part of the board's decision, apparently now approved by the majority of this court, that "a stripe constitutes a figure."