MANHATTAN SHIRT CO. *v.* UNITED STATES (No. 3175)[1]

[1] T. D. 43428.

United States Court of Customs and Patent Appeals, June 11, 1929

*Walden & Webster (Walter F. Welch* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell,* special attorney, of counsel), for the United States.

·[Oral argument May 14, 1929, by Mr. Welch and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and GARRETT, Associate Judges [1]

BLAND, Judge, delivered the opinion of the court:

The pertinent parts of the Tariff Act of 1922 involved in the consideration of the issues in this case follow:

PAR. 903. Cotton cloth, not bleached, printed, dyed, colored, or woven-figured, containing yarns the average number of which does not exceed number 40, forty one-hundredths of 1 cent per average number per pound; * * *.

Cotton cloth, bleached, containing yarns the average number of which does not exceed number 40, forty-five one-hundredths of 1 cent per average number per pound; * * *.

Cotton cloth, printed, dyed, colored, or woven-figured, containing yarns the average number of which does not exceed number 40, fifty-five one-hundredths of 1 cent per average number per pound; * * *.

PAR. 904. The term cotton cloth, or cloth,. wherever used in this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton, in the piece, whether figured, fancy, or plain, and shall not include any article, finished or unfinished, made from cotton cloth. * * *

The imported merchandise at bar is admitted to be bleached cotton cloth which is woven-figured. It was classified under the third bracket of paragraph 903 as "cotton cloth, * * * woven-figured." It was assessed for additional duty under paragraph 906, the correctness of which latter action is not questioned here.

It is claimed by the importer that the merchandise should have been classified under the second bracket of paragraph 903 as "cotton

---

[1] LENROOT, Judge, did not participate in this decision, the case having been argued before he took his seat.

cloth, bleached." The reasons cited for this position are ingenious and plausible. Under other circumstances the rule of construction invoked by appellant's learned counsel might be controlling, but other considerations prevent its application here.

Appellant argues, first, that the provision of paragraph 904 to the effect that cotton cloth "shall be held to include all woven fabrics of cotton, in the piece, whether figured, fancy, or plain," etc., compels the placing of cotton cloth, bleached and woven-figured, in the second bracket of paragraph 903, and second, that the words "not * * * woven-figured," in the first part of the paragraph, exclude woven-figured goods from that bracket and that, by reason of the absence of such words in the second bracket, woven-figured cloth is necessarily included.

Counsel's very able and earnest argument on the second proposition would be quite persuasive were it not for the fact that its application and acceptance in the case at bar would bring about a classification which, in our judgment, could not have been intended by the legislature, as we have heretofore held in *Wilson & Son (Inc.)* v. *United States*, 14 Ct. Cust. Appls. 234, T. D. 41717.

The court below, in a well-written opinion, after setting out the statute and stating the issue, very ably and forcefully states the law as we understand it:

In our opinion a careful reading of the foregoing provision seems to show a very evident intent on the part of Congress to make the rates of duty on cotton cloth progressively greater as the same is more highly manufactured. For instance, let us take the provisions for cotton cloth containing yarns the average number of which does not exceed number 40. The first part of said paragraph 903 levies a duty on cotton cloth, not bleached, printed, dyed, colored, or woven-figured, of forty one-hundredths of 1 cent per average number per pound; the second part levies a duty on cotton cloth, bleached, of forty-five one-hundredths of 1 cent per average number per pound; and the third part levies a duty on cotton cloth, printed, dyed, colored, or woven-figured, of fifty-five one-hundredths of 1 cent per average number per pound. Taking, further, the provisions for cotton cloth containing yarns the average number of which exceeds number 40, we find that the first part of said paragraph 903 levies a rate of duty on cotton cloth, not bleached, printed, dyed, colored, or woven-figured, of 16 cents per pound and, in addition thereto, fifty-five one-hundredths of 1 cent per average number per pound for every number in excess of number 40; the second part of said paragraph levies a duty on cotton cloth, bleached, of 18 cents per pound and, in addition thereto, three-fifths of 1 cent per average number per pound for every number in excess of number 40; and the third part levies a duty on cotton cloth, printed, dyed, colored, or woven-figured, of 22 cents per pound and, in addition thereto, sixty-five one-hundredths of 1 cent per average number per pound for every number in excess of number 40.

Furthermore, a comparison of the remaining provisions of said paragraph for the same classes of cotton cloth when exceeding and when not exceeding an average yarn number of 80 seems to still further emphasize the intention of Congress to make the rates of duty correspondingly higher on the finer or more highly processed cotton cloth.

Therefore, to hold cotton cloth that is both bleached and woven-figured to be dutiable as if only bleached, as contended by plaintiff, would result in levying a lower rate on cloth that is more highly manufactured, such as cloth that is not only bleached but also woven-figured. This certainly would be an inconsistency contrary to the usual policy of the Government in its tariff legislation, and could only be justified by statutory language clearly evincing such intention.

Counsel for the plaintiff, in support of such proposition, draws attention to the provision in paragraph 904 reading that "the term cotton cloth, or cloth, wherever used in this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton, in the piece, whether figured, fancy, or plain, and shall not include any article, finished or unfinished, made from cotton cloth." We fail to see in what way the foregoing language supports the contention of the importer inasmuch as Congress has "otherwise specially provided for" cotton cloth, woven-figured; * * *.

In the above quotation the court concludes, in substance, that paragraph 904 does not compel the placing of bleached cotton cloth, woven-figured, in the second bracket of paragraph 903 for the reason that said paragraph 904 contains the words "unless otherwise specially provided for" and that woven-figured bleached cotton cloth is otherwise provided for in the third bracket of paragraph 903. With this conclusion we agree.

We also concur in the view that Congress intended "to make the rates of duty correspondingly higher on the finer or more highly processed cotton cloth."

For the reasons assigned, and upon the authority of *Wilson & Son (Inc.)*, *supra*, the judgment of the United States Customs Court is *affirmed*.